UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAUNO A. KOIVISTO, III,<br><br>                  Petitioner,<br><br>v.<br><br>ALLSTATE INSURANCE, LTD.,<br><br>                  Respondent. | Case No. 1:19-cv-00343-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Tauno A. Koivisto, III has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 3.) The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

### REVIEW OF PETITION

**1.    Standard of Law**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Rule 4 of the Rules Governing Section 2254

INITIAL REVIEW ORDER - 1

Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

**2.    Discussion**

Petitioner was convicted of "estate fraud" or "banking robbery" in California state court and is currently incarcerated in a prison near Los Angeles. (Pet., Dkt. 3, at 1.) To the extent the Petition challenges Petitioner's California conviction, it is subject to dismissal because this Court lacks jurisdiction.

"Writs of habeas corpus may be granted by … the district courts … *within their respective jurisdictions*." 28 U.S.C. § 2241(a) (emphasis added)). This language means that a "habeas petition can be brought in the court with jurisdiction over the prisoner or his custodian." *Fest v. Bartee*, 804 F.2d 559, 560 (9th Cir. 1986) (citing *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 495-99 (1973)). In this case, the court having jurisdiction over Petitioner and his custodian appears to be the United States District Court for the Central District of California—not this Court.

The Petition is also subject to dismissal because it does not contain any constitutional claims that challenge the validity of Petitioner's conviction or sentence. Instead, the Petition appears to assert claims of illegal conditions of confinement—specifically, inadequate medical or dental care. (Dkt. 3 at 2-3.) The remedy for any such violation would not be an immediate or speedier release from confinement, *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), but instead an award of monetary damages and/or

an order requiring the cessation of illegal activities. Because such claims "do[] not lie at the core of habeas corpus," they "may not be brought in habeas corpus but must be brought, if at all," pursuant to 42 U.S.C. § 1983, the civil rights statute. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (internal quotation marks and citations omitted).

Moreover, to the extent the Court could construe the Petition as asserting civil rights claims, it is subject to dismissal for lack of state action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person *acting under color of state law*. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). This requirement of state action means that § 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances. In the case of a private party, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. *Id.* at 296. These include the

following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted). None of these contexts is implicated in the Petition, which is asserted against a private insurance company.

Finally, if construed as a civil rights complaint, the Petition would also be subject to dismissal for improper venue. A civil action may be filed only in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Petitioner is challenging his current treatment in the California prison in which he is confined. Thus, his claims arose in California, not in Idaho. Nothing in the Complaint suggests that the defendant insurance company is a resident of Idaho or that venue would

not be proper in a California federal court. (Dkt. 3 at 1-3.) As such, venue is improper in Idaho.

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The United States Supreme Court has indicated that the "interest of justice" language in § 1406(a) was meant to combat the "uncertainties of proper venue [when] a mistake is made" as to the "existence of some elusive fact." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

Courts have held that the interests of justice are not served when the mistake is not genuine, such as when the plaintiff "either knew or should have known, in the exercise of reasonable diligence, that service of process could not be effected over [a] defendant in [the chosen] district." *Mulcahy v. Guertler*, 416 F. Supp. 1083, 1086 (D. Mass. 1976) (denying motion to transfer venue under § 1406(a) when the mistake was obvious, but noting that the statute of limitations had not expired); *Pedzewick v. Foe*, 963 F. Supp. 48, 51 (D. Mass. 1997) (denying plaintiff's motion to transfer under § 1406(a) when plaintiff plainly filed in the wrong district on the last day before the statute of limitations expired).

The Court concludes that Petitioner was not genuinely mistaken that he could file this action in the District of Idaho. Petitioner was aware that his injuries took place in California—not in Idaho. Therefore, the Court will not transfer the case to a proper venue but will dismiss this case without prejudice. If Petitioner intends to pursue his conditions-

of-confinement claims, he may file a separate civil rights action in a proper venue in California.

## ORDER

**IT IS ORDERED:**

1. For the foregoing reasons, this case is DISMISSED without prejudice.

2. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 1) is MOOT.

DATED: October 29, 2019

_____
B. Lynn Winmill
U.S. District Court Judge